**(36 South. 752.)**

No. 14,899.

SEARCY & PFAFF, Limited, v. LEVEQUE.*

(May 9, 1904.)

CONTRACT—CONSTRUCTION—EVIDENCE.

1. Plaintiffs entered into an agreement by which they were to furnish the material and do the printing for a periodical, and look exclusively to the earnings of the periodical for payment, and in no event to hold the publisher individually liable for the expenses of the publication. After the publication had been going on for some time, and the expenses over and above the earnings had reached a considerable sum, plaintiffs refused to go on any further unless paid cash for the future issues of the paper. The publisher, who was without means to satisfy the demand, transferred the printing of the periodical to other parties, and plaintiffs brought the present suit to hold him personally liable for the debt of the paper. *Held*, the contract of the parties *is* the law of the case, and plaintiffs cannot recover.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by Searcy & Pfaff, Limited, against Joseph M. Leveque. Judgment for defendant, and plaintiff appeals. Affirmed.

Arthur John Peters, for appellant. Clegg & Quintero, for appellee.

PROVOSTY, J. The plaintiffs, a limited corporation engaged in the printing business, and the defendant, a newspaper writer without other means than his salary, entered into an agreement for the publication of a periodical to be called "The Harlequin." The distinct understanding was that defendant was in no event to be responsible for the debts of the paper, but that plaintiffs were to look exclusively to the paper for payment. After the publication had been going on for some 14 months, and the paper was owing plaintiffs a matter of some $2,600, plaintiffs informed defendant that they would not go on with the publication unless they were paid cash for each issue of the paper. This

*Rehearing denied June 6, 1904.

payment defendant had not the means of making. He considered the contract with plaintiffs at an end, and entered into an agreement with other parties for the publication of the paper. Thereupon plaintiffs brought this suit, asking that he be condemned to pay the $2,600 debt of the paper. Evidently the demand is in direct conflict with the agreement. Plaintiffs neither deny the agreement, nor that they themselves put an end to it. Their only complaint is that defendant did not exert himself sufficiently in the interest of the paper. If this was so, it was good ground for putting defendant in default; but, instead of so doing, plaintiffs put an end to the contract, the carrying out of which was the exclusive source from which they, under their express agreement, could look for payment.

Judgment affirmed.